David PORISS, Appellee,

v.

**AAACON AUTO TRANSPORT, INC., Appellant.**

No. 1252, Docket 82–7168.

United States Court of Appeals, Second Circuit.

Argued May 25, 1982.

Decided Aug. 5, 1982.

Ralph J. Zola, Zola & Zola, New York City (Lynn R. Gottlieb, New York City, of counsel), for appellant.

Eliot B. Gersten, Gersten & Gersten, Hartford, Conn., for appellee.

Before MOORE, FRIENDLY, and OAKES, Circuit Judges.

OAKES, Circuit Judge:

Aaacon Auto Transport, Inc. (Aaacon) appeals from an order of the United States District Court for the District of Connecticut, José A. Cabranes, Judge, denying Aaacon's motion for a stay of litigation pending arbitration.

Aaacon is an interstate common motor carrier in the business of transporting individual, privately owned vehicles throughout the United States. *See generally Aaacon Auto Transport, Inc. v. State Farm Mutual Automobile Insurance Co.*, 537 F.2d 648 (2d Cir. 1976), *cert. denied*, 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1977). On November 1, 1980, Aaacon entered into a written agreement, entitled the "Aaacon Auto Transport, Inc. Agency Agreement" (Agency Agreement), which granted David Poriss of Hartford, Connecticut, the right to use the Aaacon trademark and to distribute services in Hartford and Springfield, Massachusetts, under a marketing plan prescribed by Aaacon. On May 22, 1981, Aaacon notified Poriss that it was terminating the agreement. This precipitated litigation so far involving one state court, two federal district courts, and now the court of appeals, even though the dispute may ultimately be resolved in arbitration. The procedural donnybrook that preceded this appeal is as follows:

In June 1981, Aaacon petitioned the United States District Court for the Southern District of New York, Thomas P. Griesa, Judge, for an order compelling arbitration of issues arising under the Agency Agreement with Poriss, in accordance with the arbitration clause in that agreement.[1] While Aaacon's petition was under consideration by Judge Griesa, Poriss countered by bringing an action in the Connecticut Superior Court in which he alleged that Aaacon's termination of the agreement violated the Connecticut Franchise Act, Conn.Gen.Stat. § 42–133f,[2] which requires notice 60 days prior to termination of a franchise. In addition to damages Poriss sought "[a] temporary and permanent injunction restraining the defendant from violating C.G.S. § 42–133e et seq., and enjoining the defendant from terminating the franchise."

On July 28, 1981, the Connecticut state court, finding that Poriss was likely to prevail on the merits of his claim, temporarily enjoined Aaacon from terminating Poriss's franchise. Three days later Aaacon removed this action to federal court. There Aaacon moved for reconsideration of the temporary injunction, which remained in full force and effect under 28 U.S.C. § 1450, as well as for a stay of litigation pending arbitration. Poriss opposed Aaacon's motions and, at the same time, sought an order of contempt based on Aaacon's alleged violation of the temporary injunction.

On December 22, 1981, the District Court for the Southern District of New York granted an order compelling arbitration of "all disputes arising out of or relating to the performance or breach of the agency agreement entered into by the parties ...." Judge Griesa's order provided that "said arbitration shall include: ... [t]he propriety of the termination of PORISS by AAACON ...." Based in part on this order, January 12, 1982 Aaacon filed the

1. The Agency Agreement provided as follows:
   23. *Interpretation of Agreement*:
   The validity, interpretation and performance of this Agreement shall be determined under the laws of the State of New York, and any controversy arising hereunder shall be settled by arbitration under the rules of the American Arbitration Association in the City, Country and State of New York. Agent consents to the jurisdiction of the New York State and New York Federal Courts for any dispute arising hereunder, and to service of process by certified mail anywhere in the United States. The parties agree to waive any objection to venue of any action brought hereunder. Any award rendered by an arbitrator hereunder may be confirmed in the U. S. District Courts of New York and judgment rendered thereon.

2. Section 42–133f provides:
   Termination, or cancellation of, or failure to renew a franchise
   (a) No franchisor shall, directly, or through any officer, agent or employee, terminate, cancel or fail to renew a franchise, except for good cause which shall include, but not be limited to the franchisee's refusal or failure to comply substantially with any material and reasonable obligation of the franchise agreement or for the reasons stated in subsection (d) of this section. The franchisor shall give the franchisee written notice of such termination, cancellation or intent not to renew, at least sixty days in advance to such termination, cancellation or failure to renew with the cause stated thereon....

motion before Judge Cabranes that is the subject of this appeal, seeking again to stay proceedings on Poriss's Connecticut Franchise Act claim pending arbitration. Two legal arguments were raised in support of the motion. First, Aaacon argued that section 3 of the Federal Arbitration Act, 9 U.S.C. § 3,[3] required a stay of the federal litigation because Poriss's claim was referable to arbitration pursuant to the arbitration provision of the Agency Agreement. *Cf. Hilti, Inc. v. Oldach*, 392 F.2d 368, 373 (1st Cir. 1968) (claim under Puerto Rican Dealers Act held referable to arbitration). *But cf. Iowa Beef Packers, Inc. v. Thompson*, 405 U.S. 228, 92 S.Ct. 859, 31 L.Ed.2d 165 (1972) (arbitration clause did not cover statutory claim). Second, Aaacon argued that the claim that the termination was improper under Connecticut law because of Aaacon's noncompliance with Connecticut's 60-day notice provision was covered by Judge Griesa's order requiring arbitration of "[t]he propriety of the termination." *See, e.g., The Manes Organization, Inc. v. Standard Dyeing and Finishing Co.*, 472 F.Supp. 687, 688–89 (S.D.N.Y.1979). On January 21, 1982, Judge Cabranes denied without opinion Aaacon's motion to stay the litigation, and Aaacon thereafter brought this appeal.

■ The initial question before us, and in this case the dispositive question, is whether Judge Cabranes's order denying a stay of this action pending arbitration is appealable. Because the order was issued in a suit which is still continuing and is not within the exception recognized by the "collateral order" doctrine, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), it is not appealable as a "final decision" under 28 U.S.C. § 1291. *Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d 304, 306 (2d Cir. 1967). An order refusing to stay proceed-

ings in federal district court pending arbitration is, however, an appealable interlocutory order refusing an injunction, 28 U.S.C. § 1292(a)(1), if the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law. *See Ettelson v. Metropolitan Life Insurance Co.*, 317 U.S. 188, 191, 63 S.Ct. 163, 164, 87 L.Ed. 176 (1942); *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 383, 55 S.Ct. 310, 311, 79 L.Ed. 440 (1935). Not so, however, when the action would by its nature have been a suit in equity. *See Baltimore Contractors v. Bodinger*, 348 U.S. 176, 184, 75 S.Ct. 249, 254, 99 L.Ed. 233 (1955). Where the action sought to be stayed contains several counts seeking both equitable and legal relief, the action "is to be considered equitable for [these] purposes unless the equitable relief sought can be characterized as 'merely incidental'." *Diematic Manufacturing Corp. v. Packaging Industries, Inc.*, 516 F.2d 975, 978–79 (2d Cir.) (quoting 9 J. Moore, *Federal Practice* ¶ 110.20[3] at 244 (2d ed. 1973)), *cert. denied*, 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141 (1975); Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure: Jurisdiction* § 3923 at 62–63 (1977). *See also Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d at 309.

■ Poriss's claim in this case was that the attempted termination of its franchise violated the 60-day notice requirement of Conn.Gen.Stat. § 42–133f. The remedies he sought were a permanent injunction, money damages, and attorneys' fees. The injunctive relief sought in this action cannot be characterized as "merely incidental." *See, e.g., Chapman v. International Ladies' Garment Workers' Union*, 401 F.2d 626, 629 (4th Cir. 1968). Therefore, Judge Cabranes's January 21, 1982, order denying a stay of litigation pending arbitration ordinarily would not be an appealable interlocutory order.

---

**3.** Section 3 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Aaacon argues, however, that a procedural event transpiring after Aaacon commenced the instant appeal transformed Poriss's action from an equitable into a legal one. On February 25, 1982, Judge Cabranes granted Aaacon's motion for reconsideration of the temporary injunction originally issued by the Connecticut Superior Court. Upon reconsideration, Judge Cabranes found that while Poriss would prevail on his state law claim, his damages were fully compensable at law. Accordingly, the district court dissolved the temporary injunction.

The dissolution of the injunction does not make Judge Cabranes's order appealable. A suit that is equitable at the outset does not change its character for purposes of the jurisdictional statute by virtue of events arising during the pendency of the suit. *See Council of Western Electric Technical Employees v. Western Electric Co.*, 238 F.2d 892, 894–95 & n.4 (2d Cir. 1956) (L. Hand, J.). The injunctive relief sought in this action was not merely pretextual, nor, as the procedural events preceding this appeal indicate, was its unavailability manifest from the face of the complaint. Furthermore the refusal of a stay antedated the dissolution of the injunction; the case with respect to appealability might stand differently if the judge's refusal of the stay had come after rather than before he dissolved the state court injunction.

Finally, we note that in appropriate circumstances we may treat an attempted appeal as a request for leave to file a mandamus petition. *See Western Geophysical Co. of American, Inc. v. Bolt Associates, Inc.*, 440 F.2d 765 (2d Cir. 1971); *Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d at 309 n.14. Although we decline to do so here, *see id.; International Products Corp. v. Koons*, 325 F.2d 403, 407 (2d Cir. 1963), we trust that, upon appropriate application, Judge Cabranes will reconsider his as yet unexplained denial of the requested stay so as to accord all due deference to the antecedent order of the coordinate federal court.

Appeal dismissed.