Brendan **GILMORE**, Plaintiff-Appellee,

v.

**SHEARSON/AMERICAN EXPRESS INC.**, Defendant-Appellant.

No. 80, Docket 86–7460.

United States Court of Appeals, Second Circuit.

Argued Oct. 17, 1986.

Decided Feb. 3, 1987.

Jeffrey L. Friedman, New York City (Shearson Lehman Brothers Inc., Theodore A. Kresbach, of counsel), for defendant-appellant.

Frederick A. Nicoll, New York City (Rogers Hoge & Hills, of counsel), for plaintiff-appellee.

Before FEINBERG, Chief Judge, and WINTER and MAHONEY, Circuit Judges.

FEINBERG, Chief Judge:

Shearson/American Express Inc. appeals from an order of the United States District Court for the Southern District of New York, Peter K. Leisure, J., refusing to require plaintiff, Rev. Brendan Gilmore, to submit to arbitration his common law claims against Shearson for alleged "churning" of his margin account. Judge Leisure held that Shearson's express withdrawal of an earlier motion to compel arbitration waived any contractual right it might have had to compel arbitration of those claims. In this appeal, Shearson argues that Gilmore's submission of an amended complaint revived Shearson's right to move to compel arbitration. For the reasons given below, we affirm the judgment of the district court.

I.

In December 1984, Gilmore commenced this action against Stuart Travis, his former investment executive at Lehman Brothers Kuhn Loeb, a brokerage firm, and against Shearson, the successor by merger to that firm. Gilmore had maintained a margin account with Shearson from January 1976 through April 1980. He charged

that he had lost most of his life's savings because of defendants' churning—excessive trading for the primary purpose of generating commissions—in his account in violation of section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j, and Rules 10b-3 and 10b-5. The complaint alleges that in this 52–month period, Gilmore's average investment (market value of securities less any margin debt) was approximately $60,000, but the total of commissions and other charges to his account exceeded $116,000. Gilmore also asserted claims for breach of fiduciary duty, breach of contract and common law fraud. Gilmore claimed actual losses of at least $143,000 and punitive damages of $3,000,-000, and sought costs and disbursements including reasonable attorneys' fees. In its answer, Shearson claimed that the action should be stayed pending arbitration, pursuant to an agreement between the parties. Thereafter, Shearson moved in March 1985 to stay the district court proceedings and to compel arbitration of Gilmore's federal securities and common law claims. In May 1985, however, Shearson explicitly withdrew that motion.

In July 1985, Gilmore moved for leave to amend his complaint to assert a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. That motion followed the Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3281–84, 87 L.Ed.2d 346 (1985), where the Court held in part that civil causes of action based on RICO do not have to allege a prior criminal conviction on the part of the defendant. The amended complaint sought treble damages—$477,-000 in actual damages and $10,000,000 in punitive damages. In response, Shearson filed a cross-motion opposing Gilmore's motion to amend and reasserting its claim of a contractual right to stay the litigation and to compel arbitration of the entire suit if leave to amend was granted.

The district court referred Gilmore's motion and Shearson's cross-motion to Magis-

trate Leonard Bernikow. In February 1986, the magistrate submitted his report to Judge Leisure, recommending that Gilmore be permitted to amend his complaint and that the action be stayed pending arbitration of the RICO claim. The magistrate also recommended that the remainder of Shearson's cross-motion be denied, finding that the federal securities claims were not arbitrable and that Shearson had waived any right it might have had to arbitrate the common law claims by withdrawing its earlier motion to compel arbitration.

In an order entered in May 1986, Judge Leisure accepted most of the magistrate's recommendations, but refused to stay the action pending arbitration of the RICO claim, finding that this court's intervening decision in *McMahon v. Shearson/American Express Inc.*, 788 F.2d 94 (2d Cir.), cert. granted, —— U.S. ——, 107 S.Ct. 60, 93 L.Ed.2d 20 (1986), had rendered the RICO claim non-arbitrable. This appeal by Shearson followed.[1]

## II.

As a preliminary matter, Gilmore argues that Judge Leisure's order denying Shearson's cross-motion to stay proceedings pending arbitration is not an appealable order. Gilmore questions the continued viability of the *Enelow-Ettelson* rule, on which Shearson relies for its right to appeal at this stage of the litigation. The line of authority that began with the cases that first announced that rule, *Ettelson v. Metropolitan Life Insurance Co.*, 317 U.S. 188, 191, 63 S.Ct. 163, 164, 87 L.Ed. 176 (1942); *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 383, 55 S.Ct. 310, 311, 79 L.Ed. 440 (1935), provides that "[a]n order refusing to stay proceedings in federal district court pending arbitration is ... an appealable interlocutory order refusing an injunction, 28 U.S.C. § 1292(a)(1), if the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law." *Poriss v. Aaacon Auto Transport, Inc.,*

---

1. Travis has not appealed.

685 F.2d 56, 59 (2d Cir.1982). Gilmore describes this rule as "obsolete" and "anachronistic" and urges that it be overturned.

■ The *Enelow-Ettelson* rule has been severely criticized in recent years, see *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 870–71 (7th Cir.1985); *H.C. Lawton, Jr., Inc. v. Truck Drivers, Chauffeurs and Helpers Local Union No. 384*, 755 F.2d 324, 327 n. 2 (3d Cir.1985); *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 732 F.2d 444, 445–47 (5th Cir.1984) (Rubin J., dissenting); *Langley v. Colonial Leasing Co. of New England*, 707 F.2d 1, 2 & n. 2 (1st Cir.1983), and is an awkward standard not always easy to apply. See *Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d 304, 308 (2d Cir.1967). Nevertheless, this court has adhered to the rule and has recently applied it to review an order denying a motion to compel arbitration. See *McMahon*, 788 F.2d at 99 n. 5. Further, the Supreme Court has explicitly declined the opportunity to overturn the rule, "conclud[ing] that it is better judicial practice to follow the precedents which limit appealability of interlocutory orders, leaving Congress to make such amendments as it may find proper." *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 185, 75 S.Ct. 249, 254, 99 L.Ed. 233 (1955). Despite our difficulties with the *Enelow-Ettelson* rule, we find unpersuasive Gilmore's suggestion that Congress silently effected such an amendment in 1958 by enacting 28 U.S.C. § 1292(b), which allows a district court to certify an interlocutory appeal to a court of appeals. While we believe the rule should be changed, we feel bound by precedent to follow it until directed otherwise by higher authority or by Congress.[2]

■ Alternatively, Gilmore argues that the underlying action here is essentially equitable, rather than legal, and that the *Enelow-Ettelson* exception to the rule of finality is therefore not applicable. Again, Gilmore's claim is unpersuasive. The amended complaint seeks monetary damages for violations of section 10(b) and RICO, breach of fiduciary duty, breach of contract and common law fraud and is clearly legal in nature. Recently, in *McMahon*, where these same arguments were raised in an action based on similar claims, this court upheld the appealability of the district court's interlocutory order denying arbitration. See 788 F.2d at 99 n. 5. Gilmore's attempt in this appeal to describe his action in equitable terms, by claiming that he seeks not only the return of his lost investment, but also an "accounting" and the disgorgement of profits, cannot mask the legal character of his complaint. Any equitable elements of Gilmore's action are "merely incidental" and are not sufficient to exclude it from the *Enelow-Ettelson* rule. See *Poriss*, 685 F.2d at 59. Judge Leisure's denial of Shearson's cross-motion to stay proceedings pending arbitration is therefore an appealable order.

■ Before leaving this point, we note that Shearson has moved, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for an award of sanctions against Gilmore's attorney for arguing that the district court order should not be appealable. By raising this argument Gilmore has prudently preserved his position, which would enable him to seek Supreme Court review on this issue. Although we find that we are constrained to follow the *Enelow-Ettelson* rule, as our previous discussion makes clear, Gilmore's attack on the rule is far

---

2. We note that the Judicial Conference of the United States expressed its support for a bill in the 99th Congress that would clarify this area to a great extent. The Report of the Proceedings of the Judicial Conference of the United States, held September 18–19, 1986, states:

ARBITRATION APPEALS

H.R. 4975, 99th Congress would amend the United States Arbitration Act (9 U.S.C. 1 *et. seq*) (1) to clarify the appeals doctrine in this area, which is confused and irrational; and (2) to respond to the needs of arbitration as a system of dispute resolution by generally denying immediate appeals from orders giving arbitration precedence over litigation and permitting immediate appeals from orders giving litigation precedence over arbitration. The Conference considered this a sensible approach and voted to support the legislation.

from frivolous. Accordingly, Shearson's motion for Rule 11 sanctions is denied.

### III.

We next consider the merits of Shearson's appeal. In its brief, Shearson expressly limits its appeal to that portion of the district court's order that denied its cross-motion to compel arbitration of the common law claims in Gilmore's amended complaint. Accordingly, Judge Leisure's rulings that Gilmore's federal securities and RICO claims are not arbitrable are not contested in this appeal.

Moreover, at oral argument, counsel for Shearson conceded that Shearson would not have been entitled to move to compel arbitration of the common law claims if Gilmore had not amended his complaint. Shearson therefore does not argue that its withdrawal of its first motion to compel was not a waiver. Instead, Shearson argues that Gilmore's amended complaint vitiated the effect of Shearson's response to the original complaint and permitted it to assert the same motions and defenses that were initially available. Under this analysis, Shearson's explicit waiver of arbitration by withdrawing its motion to compel it is expunged by the amended complaint, and, under the guidelines set out in *Rush v. Oppenheimer & Co.*, 779 F.2d 885 (2d Cir. 1985), Shearson is not precluded from moving to compel arbitration of the common law claims in the amended complaint because, it claims, Gilmore has not been prejudiced by his participation in the litigation. We disagree.

▆ Whether filing an amended complaint affects a defendant's ability to assert again a motion to compel arbitration, which it had voluntarily abandoned with respect to the original complaint, is apparently a question of first impression in this circuit. Although an amended complaint ordinarily supercedes the original pleading, *International Controls Corp. v. Vesco*, 556 F.2d 665, 668–69 (2d Cir.1977), cert. denied, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978), it does not automatically revive all of the defenses and objections that a de-

fendant has waived in response to the original complaint. For example, even though Rule 15 of the Federal Rules of Civil Procedure does not expressly limit the defenses that can be alleged in response to an amended pleading, district courts in this circuit have determined that the Rule 12 defenses of lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service, if waived by defendant's failure to raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended the complaint. *Ross v. United States*, 574 F.Supp. 536, 539 (S.D. N.Y.1983); *Brohan v. Volkswagen Manufacturing Corp. of America*, 97 F.R.D. 46, 48 (E.D.N.Y.1983). Accord *Rowley v. McMillan*, 502 F.2d 1326, 1332–33 (4th Cir. 1974). As with the objections listed above, a motion to compel arbitration of a claim involves the core issue of a party's willingness to submit a dispute to judicial resolution and, if waived, is not automatically revived by the submission of an amended complaint. See *Weight Watchers of Quebec, Ltd. v. Weight Watchers International, Inc.*, 398 F.Supp. 1057, 1061–62 (E.D. N.Y.1975). Accordingly, we hold that Shearson's explicit waiver of the motion to compel arbitration in response to the original complaint precludes it from starting fresh in its response to the amended complaint.

It is true that in the just-cited cases, waiver flowed from mere failure to move within a specified time, and such inaction without more would not ordinarily result in waiver of the right to arbitrate. *Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (2d Cir.1968). We do not regard this as significant since the issue thus raised is what is necessary, in an ambiguous situation, to establish waiver of the right to arbitrate. In such a case, *Rush v. Oppenheimer & Co.* applies, and Gilmore would have to show that he has suffered prejudice from Shearson's late assertion of the motion to compel arbitration. But here, no ambiguity exists because there was an express waiver. As noted above, Shearson concedes that it waived its right to move to

compel arbitration with respect to the original complaint. Accordingly, we reject Shearson's suggestion that the relevant inquiry in determining whether it may move to compel arbitration in response to the amended complaint is the waiver analysis discussed in *Rush*.

Ordinarily, a party may not freely take inconsistent positions in a law suit and simply ignore the effect of a prior filed document. See generally 1B Moore's Federal Practice ¶ 0.405[8] (2d ed. 1984). This policy against permitting a party to play "fast and loose" with the courts, *Selected Risks Insurance Co. v. Kobelinski*, 421 F.Supp. 431, 434 (E.D.Pa.1976), seems particularly applicable here, where Gilmore makes the far from frivolous charge that Shearson's change in position is not merely the product of honest error, but is a tactic in a war of attrition designed to make the litigation too expensive for plaintiff, an elderly clergyman, to continue.[3] The magistrate described Shearson's "unequivocal withdrawal" of its motion to compel arbitration as "the result of Shearson's careful evaluation of business considerations." Under the circumstances, to change course and revive its right to move to compel arbitration, Shearson must show that the amended complaint contains charges that, in fairness, should nullify its earlier waiver and allow it to reassess its strategy, for example, that the amended complaint changed the scope or theory of Gilmore's claims in a manner that is relevant to the issues presented by Shearson in the district court. Cf. *Brown v. E.F. Hutton & Co., Inc.*, 610 F.Supp. 76, 78 (S.D.Fla.1985). For the reasons that follow, we find that Shearson has failed to make such a showing.

■ Shearson's principal argument is that Gilmore's addition of a claim based on RICO substantively changed the nature of the lawsuit by subjecting Shearson to the possibility of an award of treble damages, costs and the payment of attorneys' fees, and should permit it to reassess its decision

not to arbitrate the common law claims. Gilmore's addition of the RICO claim, however, does not amend the common law claims—the only claims that Shearson now seeks to arbitrate. In addition, we have held that the RICO claim is not arbitrable; therefore, it will be litigated in the district court regardless of the outcome of the motion to compel arbitration. *McMahon*, 788 F.2d at 98–99. The addition of this unrelated, non-arbitrable claim to the lawsuit is not an amendment that justifies Shearson's change of position with respect to arbitrating the common law claims.

■ Shearson also argues that the breach of fiduciary duty and common law fraud portions of the complaint were amended to allege violations of "applicable law," rather than specifying violations of "the law of the State of New York." Shearson also notes that the amended complaint enlarges Gilmore's claim of actual damages with respect to the common law claims from $143,000 to $159,000 and increases the claim for punitive damages from $3,000,000 to $10,000,000. However, in December 1985, Shearson stipulated to permit Gilmore to submit an amended complaint that contained these changes. Later, in its arguments before the magistrate, and in its arguments before Judge Leisure concerning the magistrate's report that issued two months after the stipulation was signed, Shearson never mentioned these changes and never relied upon them as a basis for reviving its right to move to compel arbitration. Shearson may not raise these changes as a basis for relief for the first time on appeal.

■ The only change in the amended complaint relied upon by Shearson in this appeal that was not subject to the stipulation is found in paragraph 13, where instead of alleging that Travis persuaded Gilmore to open a margin account with Shearson, Gilmore alleges that Travis changed his cash account into a margin account. This change, even though not part of the

3. The record in the district court on various discovery motions, including sanctions against Shearson, is extensive. Gilmore's brief states

that the cost to him of proceedings to date exceeds $217,000.

proposed amended complaint, only corrects a minor factual allegation and does not alter the scope or theory of Gilmore's claims. It does not warrant the revival of Shearson's motion to compel arbitration.

For the foregoing reasons, the judgment of the district court, refusing to compel arbitration of the common law claims asserted in Gilmore's amended complaint, is affirmed.