849 F.2d 761
 McDONNELL DOUGLAS FINANCE CORPORATION, Peoples Security Life
Insurance Company, Commonwealth Life Insurance Company and
National Standard Life Insurance Company, GEICO Corporation,
Government Employees Insurance Company and Criterion
Insurance Company, CNA Assurance Company of Connecticut,
Plaintiffs- Appellees,
v.
PENNSYLVANIA POWER & LIGHT COMPANY, Defendant-Appellant.
 Nos. 366, 369, 370, Dockets 87-7606, 87-7608, 87-7610.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 16, 1987.
Decided June 15, 1988.
 
 Peter C. Williams, New York City (Louis H. Willenken, Philip R. Brown, Reid & Priest, New York City, of counsel), for defendant-appellant Pennsylvania Power & Light Co.
 Rory O. Millson, New York City (Anne M. Coughlin, Cravath, Swaine & Moore, of counsel), for plaintiffs-appellees McDonnell Douglas Finance Corp., Peoples Security Life Ins. Co., Com. Life Ins. Co., Nat. Standard Life Ins. Co., GEICO Corp., Government Employees Ins. Co. and Criterion Ins. Co.
 David S. Acker, Thomas R. Bearrows, Winston & Strawn, Chicago, Ill., (David S. Patterson, Breed, Abbott & Morgan, New York City, of counsel), for plaintiff-appellee CNA Assur. Co. of Conn.
 Before KAUFMAN, MESKILL and KEARSE, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This is an appeal from an order entered in the United States District Court for the Southern District of New York, Conner, J., denying the motion of defendant-appellant Pennsylvania Power & Light Co. (PP & L) for a stay of proceedings pending compelled arbitration. We must first decide whether, in light of the Supreme Court's recent decision overruling the so-called Enelow-Ettelson doctrine, see Gulfstream Aerospace Corp. v. Mayacamas Corp., --- U.S. ----, ---- - ----, 108 S.Ct. 1133, 1136-1143, 99 L.Ed.2d 296 (1988), we still have appellate jurisdiction to review Judge Conner's order. We conclude that we do not have jurisdiction. Therefore, we dismiss the appeal and remand to the district court to consider whether, in the unique circumstances of this case, the order at issue should be certified for immediate appeal pursuant to 28 U.S.C. Sec. 1292(b) (1982 & Supp. III 1985).
 
 BACKGROUND
 
 2
 This case is a consolidation of three separate lawsuits filed in the district court against PP & L, a public utility that raises capital in part through the issuance of preferred shares of stock. The plaintiffs-appellees are numerous institutional investors who held preferred shares issued by PP & L at the time these actions were initiated. In 1986, PP & L sought to redeem, at par value, thousands of preferred shares that it had issued in previous years. In so doing, PP & L claimed to be acting pursuant to detailed Preferred Stock Purchase Agreements (the Agreements) that had governed the original issuance and subsequent transfers of those shares. The appellees argued that PP & L's action in calling for the redemption at par value was not authorized by the Agreements. They initiated the instant lawsuits in the district court seeking declaratory relief and damages.
 
 
 3
 After PP & L answered the appellees' complaints, a pretrial conference was held before Judge Conner at which the parties disagreed over the extent to which the allegations in the complaints might trigger rights under an arbitration clause in the Agreements. Following that conference, Judge Conner granted the appellees additional time to amend their complaints. Soon after those amended complaints were filed, PP & L moved pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. Sec. 3 (1982), for a stay pending arbitration in accordance with the terms of the Agreements.[1] The appellees opposed the motion, arguing that the contract language upon which PP & L relied did not manifest an intention by the parties to submit this particular type of dispute to binding arbitration. Judge Conner agreed and denied PP & L's motion. See GEICO Corp. v. Pennsylvania Power & Light Co., 669 F.Supp. 590 (S.D.N.Y.1987). A timely notice of appeal was filed and briefing and argument on the merits ensued. However, during the time that the appeal was pending, questions regarding our appellate jurisdiction surfaced. Aided by additional briefing from the parties, we now consider the issue of our jurisdiction.
 
 DISCUSSION
 
 4
 At the time Judge Conner entered the order denying PP & L's motion, we had routinely exercised appellate jurisdiction over interlocutory orders granting or denying stays pending arbitration under the so-called Enelow-Ettelson doctrine. See, e.g., Gilmore v. Shearson/American Express Inc., 811 F.2d 108, 110-11 (2d Cir.1987) (citing Ettelson v. Metropolitan Life Insurance Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935)). See also Poriss v. Aaacon Auto Transport, Inc., 685 F.2d 56, 59 (2d Cir.1982). Under that doctrine, " '[a]n order refusing to stay proceedings in federal district court pending arbitration is ... an appealable interlocutory order refusing an injunction, 28 U.S.C. Sec. 1292(a)(1) [ (1982) ], if the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law.' " Gilmore, 811 F.2d at 110 (quoting Poriss, 685 F.2d at 59).
 
 
 5
 However, on March 22, 1988, while this appeal was sub judice, the Enelow-Ettelson doctrine succumbed to the weight of many years of often strident criticism when the Supreme Court overruled the precedents on which the doctrine was based. See Gulfstream, 56 U.S.L.W. at 4245-48, --- U.S. at ----, 108 S.Ct. 1133, 1136-1143, 99 L.Ed.2d 296. The Court concluded that the Enelow-Ettelson rule "is unsound in theory, unworkable and arbitrary in practice, and unnecessary to achieve any legitimate goals." Id. at ----, 108 S.Ct. at 1140-42. The Court therefore overturned the cases establishing the rule and held that "orders granting or denying stays of 'legal' proceedings on 'equitable' grounds are not automatically appealable under Sec. 1292(a)(1)." Id. at ----, 108 S.Ct. at 1142-43. As for interlocutory orders that traditionally had been appealable under the Enelow-Ettelson doctrine, the Court held that they could still be appealable in appropriate circumstances in one of three ways. First, such orders might, at times, be appealable under the so-called "collateral order" doctrine first established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). See Gulfstream, --- U.S. at ----, 108 S.Ct. at 1142-43 (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Second, such orders could be reviewable under the permissive certification procedure provided by 28 U.S.C. Sec. 1292(b). See id. at ---- & n. 12, 108 S.Ct. at 1142-43 & n. 12. Finally, such orders could, in some exceptional circumstances, be reviewable through a petition for a writ of mandamus. See id. at ---- & n. 13, 108 S.Ct. at 1142-43 & n. 13.
 
 
 6
 With the Enelow-Ettelson doctrine now defunct, we cannot exercise jurisdiction over the instant appeal by virtue of that rule. See Diffenderfer v. Central Baptist Church of Miami, Inc., 404 U.S. 412, 414, 92 S.Ct. 574, 575, 30 L.Ed.2d 567 (1972) (per curiam) (noting that an appeal must be decided in light of the law existing at the time the appellate court renders its decision, not in light of law existing when the lower court acted); Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 201-02, 24 L.Ed.2d 214 (1969) (per curiam) (same). Moreover, because Judge Conner's order came in the context of an ongoing legal action involving the parties' contractual dispute, and not in response to an independent proceeding to compel arbitration pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. Sec. 4, we may not review his order as a final judgment under 28 U.S.C. Sec. 1291 (1982). See Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291, 294 (2d Cir.1965). See also N.V. Maatschappij voor Industriele Waarden v. A.O. Smith Corp., 532 F.2d 874, 875-76 (2d Cir.1976) (per curiam). We therefore must consider whether Judge Conner's order denying a stay of proceedings pending arbitration is appealable under any of the other procedures outlined in Gulfstream.
 
 
 7
 This case does not present the extraordinary circumstances involving an abuse of the district court's authority that typically must be present for us to grant a petition for a writ of mandamus. See Gulfstream, --- U.S. at ---- - ----, 108 S.Ct. at 1142-45. See also In re United States of America, 680 F.2d 9, 12 (2d Cir.1982). Moreover, we do not believe that orders granting or denying a stay pending arbitration are properly appealable under the collateral order doctrine of Cohen. See Poriss, 685 F.2d at 59 (citing Standard Chlorine of Delaware, Inc. v. Leonard, 384 F.2d 304, 306 (2d Cir.1967)). To be appealable under that rule, an interlocutory order must, among other things, " 'be effectively unreviewable on appeal from a final judgment.' " Chasser v. Achille Lauro Lines, 844 F.2d 50, 52 (2d Cir.1988) (quoting Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985)). As we recently have noted in refusing to exercise jurisdiction under Cohen over an order denying a motion seeking to enforce a forum selection clause, "the right to secure adjudication in a particular forum is not lost simply because enforcement is postponed." Id. at 55. We believe that the same considerations control in this case and that the right to secure adjudication in an arbitral forum is not effectively unreviewable on appeal from a final judgment. Therefore, we hold that the exercise of appellate jurisdiction under the collateral order doctrine in this context would be inappropriate.
 
 
 8
 Appellate jurisdiction may be available, however, pursuant to section 1292(b). Interlocutory orders that are otherwise non-appealable may be reviewed under that section if the district court is of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for a difference of opinion and that immediate appeal could materially advance the ultimate termination of the litigation. See 28 U.S.C. Sec. 1292(b). See also Isra Fruit Ltd. v. Agrexco Agricultural Export Co., 804 F.2d 24, 24-25 (2d Cir.1986); United States v. Bear Marine Services, 696 F.2d 1117, 1118-19 (5th Cir.1983). Typically, of course, the district court would act first in such a case and then we would decide whether or not to accept the certification for appeal. See Isra Fruit, 804 F.2d at 24-26; Bear Marine Services, 696 F.2d at 1119; see also 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice paragraphs 110.22- (1987). However, it may be appropriate in rare cases for us to raise the question of certification ourselves, see id. at p 110.22, at 263, or for us simply to remand a matter back to the district court so that certification can be considered, see 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure Sec. 3929, at 153 (1977); see also Beare v. Briscoe, 498 F.2d 244, 244 n. 1 (5th Cir.1974). We believe that the instant case presents an appropriate situation for a remand to the district court and that the order at issue in the instant case appears to be an appropriate candidate for certification.
 
 
 9
 First, this case is unusual in that the Supreme Court's decision in Gulfstream, which took away our appellate jurisdiction, was filed while the appeal was pending. Thus, at the time Judge Conner entered his order, the parties had no reason to doubt the right to an immediate appeal of the order denying the stay. Second, there is evidence of some difference of opinion regarding the interpretation of very similar arbitral clauses in preferred share purchase agreements employed by public utilities. Judge Conner's decision in the instant case is at odds with the result reached by the district court in Hawaiian Electric Co. v. Westinghouse Credit Corp., No. 87-0353VAC (D.Haw. Feb. 1, 1988). Although the district court in Hawaiian Electric simply entered a brief order granting a stay, without explanation of its reasoning, the record in that case, submitted to us by the parties, indicates that the contract language and claims at issue were quite similar to those before Judge Conner. Third, immediate appeal at this juncture might well advance the ultimate termination of this dispute by putting the parties before the proper tribunal as soon as possible. Cf. S.A. Mineracao Da Trindade-Samitri v. Utah International, Inc., 579 F.Supp. 1049, 1051 (S.D.N.Y.), aff'd, 745 F.2d 190 (2d Cir.1984).
 
 
 10
 Finally, courts have noted that in the absence of the Enelow-Ettelson doctrine, section 1292(b) certification might be the most appropriate way in which to avoid unnecessary litigation in cases involving such interlocutory orders as those entered in response to motions seeking compelled arbitration. See Olson v. Paine, Webber, Jackson & Curtis, Inc., 806 F.2d 731, 738 (7th Cir.1986). See also Gulfstream, --- U.S. at ---- & n. 12, 108 S.Ct. at 1142-43 & n. 12 (noting that section 1292(b) may, at times, be a satisfactory replacement for Enelow-Ettelson ). We have also noted that orders denying stays pending arbitration, thus giving litigation precedence over a claimed right to arbitrate, are among those interlocutory orders that might merit immediate appellate review. See Gilmore, 811 F.2d at 111 & n. 2. Short of any legislative change by Congress, see id. at 111 n. 2, we believe that section 1292(b) certification may well be the best way in close cases to ensure that the strong federal policies in favor of arbitration are furthered. It is certainly an appropriate vehicle to address the unique circumstances of this case.
 
 CONCLUSION
 
 11
 The appeal is dismissed for lack of appellate jurisdiction and the case is remanded to the district court to consider whether its order denying a stay pending arbitration should be certified for immediate appeal pursuant to 28 U.S.C. Sec. 1292(b). In the interests of judicial economy, any certification by the district court should be referred to this panel.
 
 
 
 [1]
 Throughout these proceedings, PP & L has, at times, referred to its motion as relying on both section 3 and section 4 of the Federal Arbitration Act. However, section 4, by its very terms, refers only to situations in which a party aggrieved by another's failure to honor an arbitration agreement initiates an independent proceeding to compel arbitration by filing a petition in the district court. See 9 U.S.C. Sec. 4 (1982). When, as in this case, a party seeks a stay pending arbitration in the context of an ongoing lawsuit, that party is seeking relief pursuant to section 3. See id. Sec. 3. As we discuss later, the difference between the two types of procedures becomes important in determining whether we would have appellate jurisdiction over any district court action granting or denying the relief sought