**Linda F. STEELE, Plaintiff–Appellant,**

v.

**L.F. ROTHSCHILD & CO., INCORPO-
RATED, Defendant–Appellee.**

**No. 190, Docket 88–7380.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 27, 1988.

Decided Dec. 5, 1988.

Paul T. Shoemaker, New York City (Jeffrey L. Liddle, Liddle, O'Connor, Finkelstein & Robinson, New York City, of counsel), for plaintiff-appellant.

Catherine A. Ludden, New York City (Jeanne M. Samuels, Gaston & Snow, New York City, of counsel), for defendant-appellee.

Before OAKES, MINER and
ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiff Linda F. Steele appeals from an order entered in the United States District Court for the Southern District of New York (Stanton, J.), granting defendant L.F. Rothschild & Co.'s ("Rothschild") motion for a stay of proceedings pending arbitration of plaintiff's claims, 701 F.Supp. 407. Plaintiff contends that she is entitled to an interlocutory appeal from the order notwithstanding the Supreme Court's recent decision in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, — U.S. —, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), and this Court's own pronouncement in *McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761 (2d Cir. 1988), that such appeals can no longer routinely be taken. Because the district court's order is not appealable, we dismiss for lack of jurisdiction.

## BACKGROUND

The facts underlying this appeal are straightforward. Plaintiff was employed by Rothschild, a stock brokerage and investment banking firm, from October 1983 until October 1987. She began her career there as an associate and was promoted to the position of Vice President in January 1986. Prior to her employment at Rothschild, plaintiff had obtained a bachelor's degree from Radcliffe College, a law degree from the University of Virginia School of Law, and practiced law as a partner in a Virginia law firm.

When plaintiff commenced employment with Rothschild, she signed an employment agreement which provided that "any con-

troversy" arising out of her employment agreement "shall be submitted to arbitration and determined under the arbitration procedures of the New York [Stock] Exchange." She signed a similar agreement to arbitrate any employment claims when she registered as a member of the National Association of Securities Dealers. Following her termination from Rothschild pursuant to a reduction in force in late October 1987, plaintiff instituted an action in the district court asserting wage claims under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (1982), and New York Labor Law § 194 (McKinney 1986). In her complaint, plaintiff alleged that during the course of her employment Rothschild paid her less than it paid comparable male employees. She sought an award of back pay including bonuses, and an amount representing liquidated damages.

In its answer to the complaint, Rothschild asserted as an affirmative defense the arbitration agreement signed by plaintiff, and moved to stay the proceedings in the district court pending arbitration. In opposing Rothschild's motion, Steele argued that her wage claims were not arbitrable. Nevertheless, the district court found that Steele had not "borne her burden of showing Congress intended to preclude [arbitral tribunals] from hearing Equal Pay Act claims." The district court therefore granted Rothschild's motion in a memorandum and order dated April 4, 1988. Steele has not appealed that portion of the order staying her state law claims.

Apparently unaware of the Supreme Court's recent decision in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), which severely restricts appellate jurisdiction over interlocutory orders, plaintiff did not seek certification from the district court regarding the arbitrability of her Equal Pay Act claims, as she could have done pursuant to 28 U.S.C. § 1292(b). Instead, Steele filed a notice of appeal directly to this Court on May 3, 1988. During the pendency of her appeal, plaintiff belatedly became aware of the Supreme Court's *Gulfstream* decision. Realizing the vulnerability of her appeal to jurisdic-

tional challenge, Steele now argues that *Gulfstream* nonetheless left three avenues of appellate review of interlocutory orders: 1) by way of the collateral order doctrine, 2) by remand to the district court for certification under 28 U.S.C. § 1292(b), or 3) by means of issuance of a writ of mandamus compelling the district court to adjudicate her claims.

### DISCUSSION

■ Plaintiff concedes the difficulty of appealing an order granting a stay pending arbitration. Such orders ordinarily are not appealable because they are not considered "final orders" under 28 U.S.C. § 1291. *See Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp.*, 293 U.S. 449, 451, 55 S.Ct. 313, 314, 79 L.Ed. 583 (1935); *Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d 304, 306 (2d Cir.1967). Until recently, only a judicially-created doctrine pursuant to 28 U.S.C. § 1292(a)(1) provided for appellate review of stays pending arbitration. *See Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935). Under the *Enelow–Ettelson* doctrine, certain orders to stay judicial proceedings were considered injunctions and therefore were immediately appealable. Simply stated, the *Enelow–Ettelson* doctrine adopted the legal fiction that because an order from a chancellor staying an action at law traditionally took the form of an injunction, a stay based upon an equitable defense, *e.g.*, the existence of an arbitration agreement, should be treated as an injunction even though the "chancellor" is, in fact, a law judge. *See Shanferoke*, 293 U.S. at 452, 55 S.Ct. at 314.

The Supreme Court repudiated the *Enelow–Ettelson* doctrine in its recent decision in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 1140, 99 L.Ed.2d 296 (1988). There, the Court held that the doctrine could not be justified in light of the merger of law and equity accomplished by the Federal Rules of Civil Procedure. *Id.* The Court was

careful to note that all avenues for review of interlocutory orders previously reviewable under the *Enelow–Ettelson* doctrine had not been foreclosed. Such orders now are appealable "in appropriate circumstances" under the collateral order exception established by *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), by certification under § 1292(b), or by writ of mandamus. *Id.* 108 S.Ct. at 1143. Plaintiff argues that, even after the demise of the *Enelow–Ettelson* doctrine, each of the three routes left open by *Gulfstream* provides a basis upon which we may hear her case. We disagree.

The question whether a stay pending arbitration is appealable under the collateral order exception has already been decided in the negative in this Circuit. *McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761, 764 (2d Cir.1988); *cf. Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d at 306–07 (stay pending arbitration is not a final decision under 28 U.S.C. § 1291). As we have pointed out on several occasions, " 'arbitration cannot proceed to an enforceable result without further judicial action.' " *Standard Chlorine*, 384 F.2d at 306 (quoting *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 86 (2d Cir.1961), *cert. denied*, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962)). The disappointed party who has been compelled to arbitrate will have her chance to argue that the arbitral forum was the incorrect one when the arbitral award is before the district court in an action for enforcement. Thus, while an ultimate decision as to the correct adjudicatory forum is postponed until the action for enforcement, such decision is not effectively unreviewable on appeal from the enforcement order. *McDonnell Douglas*, 849 F.2d at 764; *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978) (listing prerequisites to appeal under the collateral order exception). Accordingly, until such time as the district court enters its final judgment regarding enforcement of the award, we lack appellate jurisdiction.

Steele argues, however, that we have jurisdiction because the district court's stay of its own proceedings is like an injunction. She relies on *Gulfstream's* comment that "section 1292(a)(1) will, of course, continue to provide appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of granting injunctions and have 'serious, perhaps irreparable, consequences.' " *Gulfstream*, ── U.S. at ──, 108 S.Ct. at 1142–43 (quoting *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981)). We find that we do not have jurisdiction to review the district court's order under this provision. *Gulfstream* itself noted that "[a]n order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction." ── U.S. at ──, 108 S.Ct. at 1138.

Plaintiff also argues that since *McDonnell Douglas* was decided during the pendency of her appeal, this panel ought to remand her case to the district court for the purpose of seeking certification of the question whether her wage claims are arbitrable. Her contention essentially is that *Gulfstream* left unclear the precise route by which to seek review of stays pending arbitration, and *McDonnell Douglas* compounded the difficulty by foreclosing review under the collateral order doctrine. She argues that we should remand her case for consideration of certification as was done in *McDonnell Douglas*, 849 F.2d at 765.

While we sympathize with plaintiff to the extent that resolution of the question of arbitrability must be postponed, this is not one of those "rare cases" where it is appropriate for us to raise the issue of certification ourselves. Although it is true that the panel which decided *McDonnell Douglas* remanded a somewhat similar question to the district court for the purpose of seeking certification, important differences exist between that case and the one presently before us. First, the very ground for appellate jurisdiction asserted by the parties in *McDonnell Douglas* was taken away by *Gulfstream* while the appeal was pending, a situation not presented here. In the in-

**4**

stant case, plaintiff did not initiate her appeal pursuant to the collateral order doctrine. Thus, any uncertainty regarding the availability of review under that doctrine is not in issue.

Moreover, *McDonnell Douglas* involved an order of the district court *denying* a stay of judicial proceedings pending arbitration. In remanding the case for certification, the court noted that orders which give litigation precedence over the right to arbitrate "are among those interlocutory orders that might merit immediate appellate review" in order to effectuate the "strong federal policies in favor of arbitration." 849 F.2d at 765. The case before us is to the contrary; the district court's order granting the stay clearly regarded the policies of the Federal Arbitration Act as controlling. *Steele v. L.F. Rothschild & Co.,* 701 F.Supp. 407 (S.D.N.Y.1988) (Federal Arbitration Act requires enforcement of arbitration agreements unless Congressional intent to the contrary can be shown).

■ Plaintiff's contention that she is entitled to a writ of mandamus is equally without merit. Mandamus is warranted only in "extraordinary circumstances involving an abuse of the district court's authority." *McDonnell Douglas,* 849 F.2d at 764. Where the district court, as here, has the power to enter the order appealed from and has applied well-settled principles of law in reaching its decision, mandamus is not warranted. *See In re Weisman,* 835 F.2d 23, 27 (2d Cir.1987). A court which is asked to stay proceedings pending arbitration is required to determine, *inter alia,* whether the parties agreed to arbitrate, the scope of the arbitration agreement, and whether Congress intended any federal statutory claims to be nonarbitrable. *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 844 (2d Cir.1987). The district court made the relevant determinations in its memorandum and order granting the stay. Thus, the "touchstones" of review by mandamus, " 'usurpation of power, clear abuse of discretion and the presence of an issue of first impression,' " are absent here. *See In re United States,* 680 F.2d 9, 12 (2d

Cir.1982) (quoting *American Express Warehousing, Ltd. v. Transamerica Ins. Co.,* 380 F.2d 277, 283 (2d Cir.1967)).

CONCLUSION

Adhering to the rule that interlocutory orders staying proceedings pending arbitration are not appealable under the collateral order doctrine, and declining as we do to remand for certification or to issue a writ of mandamus, plaintiff's appeal is dismissed for lack of jurisdiction.