**Aaron FLECK, Plaintiff,**

v.

**The E.F. HUTTON GROUP, INC. and E.F. Hutton & Company, Inc., Defendants.**

**Docket No. 89–8023.**

United States Court of Appeals, Second Circuit.

Motion Submitted April 4, 1989.

Decided May 4, 1989.

David F. Dobbins, New York City (Patterson, Belknap, Webb & Tyler, New York City, of counsel), for plaintiff.

Jeffrey L. Friedman, New York City (Shearson Lehman Hutton Inc., Theodore A. Krebsbach, of counsel), for defendants.

Before LUMBARD, PRATT, and MINER, Circuit Judges.

PER CURIAM:

For over a year defendants have been attempting to appeal an interlocutory order of Hon. Vincent L. Broderick, District Judge of the Southern District of New York, dated January 19, 1988. Judge Broderick denied defendants' motion made under 9 U.S.C. § 3 to stay this action pending arbitration. Originally defendants filed a timely notice of appeal. After the appeal was briefed and argued, another panel of this court in *McDonnell Douglas Finance Corp. v. Pennsylvania Power and Light Co.*, 849 F.2d 761 (2d Cir.1988) held on June 15, 1988 that a motion to stay proceedings pending compelled arbitration is not subject to interlocutory appeal absent a certification order pursuant to 28 U.S.C. § 1292(b). Accordingly, defendants' appeal was dismissed with a direction to the district court to consider whether it should certify the case for immediate appeal pursuant to 28 U.S.C. § 1292(b).

■ By order dated February 16, 1989, Judge Broderick certified his order of January 19, 1988 for appeal. Defendants then petitioned this court pursuant to Rule 5(a) for permission to appeal the interlocutory order. Ironically, we must deny defendants' petition as now unnecessary because congress, in November 1988 by § 1019 of P.L.100–702, provided that an appeal such as this one may be taken as of right. Section 1019 added a new § 15 to Title 9 of the United States Code. Subdivision (a)(1)(A) provides that "[a]n appeal may be taken from an order refusing a stay of any action under Section 3 of this title". Since congress has now granted defendants an appeal as of right, it is unnecessary for us to exercise our discretion under § 1292(b).

■ A technical argument might be made that an appeal as of right could no longer be timely made after this court had already dismissed defendants' first appeal which under then applicable law was improper. Denying defendants the right to prosecute an appeal which they have diligently pursued would, however, under the circumstances of this case, be unjust. We therefore deem defendants' appeal as timely taken and direct the clerk to calendar the appeal on an expedited basis after consultation with counsel.