**FILANTO, S.p.A., Plaintiff,**

v.

**CHILEWICH INTERNATIONAL CORPORATION, Defendant.**

**No. 91 Civ. 3253 (CLB).**

United States District Court, S.D. New York.

March 3, 1993.

Joseph D. Becker, Becker, Glynn, Melamed & Muffly, New York City, for plaintiff.

Robert Fryd, Warshaw, Burstein, Cohen, Schlesinger & Kuh, New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By judgment filed May 21, 1992, this Court directed that the claim asserted in this action by the Plaintiff Filanto be submitted to arbitration in Moscow. Familiarity with this Court's opinion is assumed. *See* 789 F.Supp. 1229 (S.D.N.Y.1992).

Filanto appealed to the United States Court of Appeals for the Second Circuit, which, by an opinion dated January 19, 1993, dismissed the appeal for lack of appellate jurisdiction. Familiarity with that opinion is also assumed. *See* 984 F.2d 58 (2d Cir.1993).

As is so often the case with opinions of the Second Circuit, the heart of the issue of appellate jurisdiction is found in footnote 2, which reads as follows:

An appeal might be specifically allowed pursuant to 28 U.S.C. § 1292(b) (1988). In the absence of certification, however, the barrier to appeal cannot be circumvented by the collateral order doctrine, whether the order compels arbitration, *see Steele v. L.F. Rothschild & Co.,* 864 F.2d 1, 3 (2d Cir.1988), or refuses to stay an action pending arbitration, *see McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.,* 849 F.2d 761, 764 (2d Cir. 1988).

As might be expected, by motion fully submitted on February 16, 1993, Filanto now seeks of this Court a certification of the appeal pursuant to 28 U.S.C. § 1292(b).

The issue of finality may have become "embedded" in semantics. The Court of Appeals assumed that the docket entry marking the case closed was "made for administrative or statistical convenience," and that such an order did not adjudicate the complaint. It held that "[t]he complaint in the embedded action, not having been adjudicated, remains within the jurisdiction of the District Court, regardless of the effort to tidy up the docket card."

There is no motivation or need for this Court to "tidy up the docket card". This

Court struck out from the proposed final judgment the provision proposed by the defendant: "that plaintiff's complaint be and hereby is dismissed", simply because it has not been dismissed, or otherwise adjudicated. Rather, the parties have been ordered to arbitrate the issues raised by the complaint, and to do so in Moscow.

The Court of Appeals has sole jurisdiction to determine whether a judgment or order is a final judgment, and we do not seek to cross that part of the jurisdictional boundary between our respective institutions. The order would seem to be final, however, if only because there is nothing left which must be done in the district court.

The parties have been required to arbitrate. When they do so, their litigation will be merged in an arbitral award. Such award may be set aside only for extremely limited extrinsic error, or misconduct of the arbitrators, which, of course is not alleged in the embedded complaint, nor could it be, since the arbitrators have not yet functioned.

It is foreseeable that when an arbitration award is made, if it is not paid or performed voluntarily (as most are), this Court might have to enter judgment enforcing the award. Any such procedure would be largely ministerial in the absence of future events not readily foreseeable at this time, and would not be based on any allegations in the present complaint or answer. Indeed, this future relief, if needed, could be obtained in any court here or in Russia having jurisdiction over the subject matter and personal jurisdiction over the parties. Accordingly, this lawsuit is now as dead as Kelseys, and the final order directing arbitration ought to be regarded as final for all purposes including appellate review. Plaintiff may be able to move in the Court of Appeals to recall the mandate in order for that Court to reconsider the issue of finality. Such relief is unavailable here.

■ This Court now considers whether certification should be granted pursuant to § 1292(b) of Title 28. To grant such certification for an interlocutory appeal, the District Court must make two separate interdependent findings of fact. The Court must make any such findings, which add to the work of the appellate court, in good faith. We should not lose credibility with the Court of Appeals by certifying interlocutory appeals simply to accommodate requests of counsel who are dissatisfied with or inconvenienced by a ruling made by the district court, or to entice the Court of Appeals to provide more grist for the law reviews. A trial court must recognize that winners and losers are about equal in number, and that litigators will litigate any issue as far as they can, and will appeal whenever they can do so.

In this case, this Court cannot, with candor, represent that there is substantial ground for difference of opinion as to whether arbitration is required in this case. The Court holds this view for reasons fully stated in its prior written decision.

■ Nor can we state, on the second half of the issues involved in a § 1292(b) certification, that an immediate appeal may materially advance the ultimate termination of the *litigation.* Litigation, as distinguished from arbitration, is over now. All that remains is the possibility of future litigation to enforce or vacate the arbitral award. As noted earlier, this potential future litigation need not even be held here.

The motion to certify the appeal is denied.

SO ORDERED.