Horace D. McCOWAN, Jr. and Sarah E. McCowan, Plaintiffs–Appellants,

v.

DEAN WITTER REYNOLDS INC., Defendant–Appellee.

No. 161, Docket 89–7475.

United States Court of Appeals, Second Circuit.

Argued Oct. 11, 1989.

Decided Nov. 15, 1989.

Charles W. Laughlin, Richmond, Va. (Thompson & McMullan, of counsel), for plaintiffs-appellants.

Elizabeth Hoop Fay, New York City (Morgan, Lewis & Bockius, John F.X. Peloso, of counsel), for defendant-appellee.

Before FEINBERG and CARDAMONE, Circuit Judges, METZNER, District Judge.*

FEINBERG, Circuit Judge:

Plaintiffs Horace D. McCowan, Jr. and Sarah E. McCowan (the McCowans) appeal from two orders of the United States District Court for the Southern District of New York, Robert L. Carter, J., which required arbitration of two of the McCowans' four claims against defendant-appellee Dean Witter Reynolds Inc. (Dean Witter) and dismissed the others. We dismiss the appeal for lack of appellate jurisdiction.

* Honorable Charles M. Metzner, Senior United States District Judge for the Southern District of New York, sitting by designation.

## Background

In late 1984, the McCowans entered into a "Customer's Agreement" with Dean Witter. Dean Witter agreed to open a securities account for the McCowans; in return, the McCowans agreed, among other things, to arbitrate in one of several forums "[a]ny controversy ... arising out of or relating to this contract or the breach thereof."

In late 1986, the McCowans sued Dean Witter in the Southern District. The complaint contained four causes of action, which alleged violations of § 10(b) of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. § 78j(b), sections 12(2) and 17(a) of the Securities Act of 1933 (1933 Act), 15 U.S.C. §§ 77l (2) and 77q(a), and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c). Dean Witter responded by moving to dismiss the complaint for failure to state a claim, for failure to allege fraud with particularity and for lack of subject matter jurisdiction. Alternatively, Dean Witter moved to stay the action pending arbitration.

In late 1987, the district court partially granted Dean Witter's motion. *McCowan v. Dean Witter Reynolds, Inc.*, 682 F.Supp. 741 (S.D.N.Y.1987). Citing the arbitration provision of the Customer's Agreement, the district court "referred" the two claims under RICO and § 10(b) of the 1934 Act to arbitration (the 1987 Order). Id. at 745. It also dismissed the § 12(2) and § 17(a) claims under the 1933 Act as deficiently pleaded, but granted the McCowans leave to replead. Id. at 744–45.

The McCowans then filed an amended complaint. Dean Witter moved to dismiss the amended complaint, and in early 1989, the district court once again dismissed the McCowans' two claims under the 1933 Act (the 1989 Order). See *McCowan v. Dean Witter Reynolds Inc.*, [1989] Fed.Sec.L.

Rep. (CCH) ¶ 94,423, at 92,727, 1988 WL 53190 (S.D.N.Y.1989). This time, however, the district court reached the merits of the McCowans' claims. It ruled that there is no private right of action under § 17(a) of the 1933 Act, and that § 12(2) did not apply to the McCowans' claims. Id. In May 1989, the McCowans filed a notice of appeal from the district court's 1987 and 1989 Orders "and from the entry herein of final judgment" for Dean Witter.

## Discussion

The McCowans attack the orders of the district court on a number of substantive grounds. However, we believe that we should not deal with these arguments. Dean Witter argues that we lack jurisdiction over this appeal, and we agree. The notice of appeal refers to a "final judgment" and to the 1987 and 1989 Orders. However, no final judgment has been entered. Also, as will be seen below, the 1987 and 1989 Orders are not appealable.

### 1. *The 1987 Order*

■ The 1987 Order, which referred the claims under RICO and § 10(b) of the 1934 Act to arbitration, is not final under 28 U.S.C. § 1291. See *Steele v. L.F. Rothschild & Co.*, 864 F.2d 1 (2d Cir.1988). Also, the opinion in *Steele* makes clear that the 1987 Order is not appealable as an interlocutory order under 28 U.S.C. § 1292, after the Supreme Court's decision in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Indeed, the McCowans state that they are not relying on § 1292 at all to justify appealability here.

As an additional bar to this appeal, Dean Witter points to § 15 of the United States Arbitration Act, 9 U.S.C. § 15, which is reproduced in the margin.[1] Dean Witter

---

1. Section 15 provides:
   (a) An appeal may be taken from—
   (1) an order—
   (A) refusing a stay of any action under section 3 of this title,
   (B) denying a petition under section 4 of this title to order arbitration to proceed,
   (C) denying an application under section 206 of this title to compel arbitration,

   (D) confirming or denying confirmation of an award, or partial award, or
   (E) modifying, correcting, or vacating an award;
   (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
   (3) a final decision with respect to an arbitration that is subject to this title.

emphasizes that § 15(b) states that "an appeal may not be taken from an interlocutory order ... granting a stay of any action," except as provided in 28 U.S.C. § 1292(b). 9 U.S.C. § 15(b)(1). While the district court stated that it had "referred" the McCowans' RICO and 1934 Act claims, 682 F.Supp. at 745, and did not explicitly stay their action based on these claims, we are nevertheless persuaded that the effect of the district court's 1987 Order was to stay litigation of these claims. Dean Witter did move to stay proceedings in the district court pending arbitration, id. at 743, and the judge held that "plaintiffs must arbitrate their claims arising under RICO and the 1934 Act." Id. at 744. Moreover, the judge most probably used "referred" as the operative verb because of the language of section three of the Arbitration Act, 9 U.S.C. § 3, which directs a court "upon being satisfied that the issue ... is referable to arbitration ... [to] stay the trial of the action" pending arbitration.

Our interpretation of the 1987 Order as a stay of the action is consistent with the purpose of § 15, which was added to the Arbitration Act in 1988 and became effective before the McCowans filed their appeal. The House Report concerning § 15 states that the section provides for interlocutory appeals "when a trial court rejects a contention that a dispute is arbitrable," but "specifically prohibit[s]" interlocutory appeals "when the trial court finds that the parties have agreed to arbitrate." H.R. Rep. No. 100–889, 100th Cong., 2d Sess. 36–37, reprinted in 1988 U.S.Code Cong. & Admin.News 5982, 5997. Section 15 thus furthers the "liberal federal policy favoring arbitration," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), because it "explicitly permits immediate appeals from orders giving litigation precedence over arbitration," but forbids immediate appeals from "[o]rders favoring

arbitration." *Janneh v. GAF Corp.*, 887 F.2d 432, 436 n. 5 (2d Cir.1989). The 1987 Order is precisely the type of order "favoring arbitration" from which an appeal is barred by § 15.

The McCowans contend that the 1987 Order is appealable because it effectively dismissed their claims under RICO and the 1934 Act, so that, in combination with the 1989 Order (discussed below), all four claims were dismissed. We do not agree. It is true that the district court's decision in 1989 does refer to the 1987 Order as granting "defendant's motion to dismiss all four counts, sending the first two counts to arbitration and giving the plaintiffs leave to replead the last two." [1989] Fed.Sec.L. Rep. at 92,725. Nevertheless, as noted above, the effect of the 1987 Order is to stay, not dismiss, the RICO and 1934 Act claims. See, e.g., 682 F.Supp. at 745 ("plaintiffs' claims under the 1934 Act and RICO are referred to arbitration").

The McCowans also rely on § 15, arguing that subsection (a)(3) thereof, see note 1 supra, provides for an appeal from "a final decision with respect to an arbitration," and that their appeal here is from such an order. We disagree with their characterization of the 1987 Order, which simply cannot be properly regarded as a "final decision" of any sort.

### 2. *The 1989 Order*

■ The 1989 Order, dismissing on the merits the McCowans' claims under the 1933 Act, is also not appealable. Because the RICO and 1934 Act claims were referred to arbitration and remain undecided, the 1989 Order did not dispose of all of the claims in the complaint. The proper route for a party to follow when it seeks to appeal from a disposition "as to one or more but fewer than all of the claims," Fed.R.Civ.P. 54(b), is to seek certification

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
   (1) granting a stay of any action under section 3 of this title;
   (2) directing arbitration to proceed under section 4 of this title;

   (3) compelling arbitration under section 206 of this title; or
   (4) refusing to enjoin an arbitration that is subject to this title.

from the district court under Fed.R.Civ.P. 54(b). The McCowans, however, never sought Rule 54(b) certification. When a complaint asserts multiple claims, until a district court finally disposes of all of them "the effect of no certification by the district court is to make any adjudication as to a claim ... interlocutory, and hence non-appealable as a final judgment." 6 Moore's Federal Practice ¶ 54.28[2], at 54–135 (2d ed. 1988) (footnote omitted); see also *National Bank v. Dolgov*, 853 F.2d 57, 58 (2d Cir.1988). Thus, we lack jurisdiction over the appeal from the 1989 Order.

We note that the McCowans are free to return to the district court to request Rule 54(b) certification in order to make the two 1933 Act claims appealable. At that time, Dean Witter may wish to renew its request of the district court to send the two 1933 Act claims to arbitration, given that, after the district court ruled, the Supreme Court held that such claims are arbitrable. *Rodriguez de Quijas v. Shearson/American Express, Inc.*, —— U.S. ——, 109 S.Ct. 1917, 1922, 104 L.Ed.2d 526 (1989). We express no opinion as to whether the district court should grant such a request.

### Conclusion

We lack jurisdiction over this appeal. For the reasons set forth above, the appeal is dismissed.