United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued November 7, 1997 Decided January 6, 1998 

 No. 96-7158

 M.A. Everett, et al., 

 Appellants

 v.

 US Airways Group, Inc., et al., 

 Appellees

 Appeal from the United States District Court 

 for the District of Columbia 

 (No. 95cv00990)

 Brian W. Shaughnessy argued the cause for appellants, 
with whom Philip A. Gagner and Lester A. Katz were on the 
briefs.

 Neal D. Mollen argued the cause for appellees, with whom 
Zachary D. Fasman and Erin M. Sweeney were on the brief.


 Before: Ginsburg, Sentelle and Rogers, Circuit Judges.

 Opinion for the court filed by Circuit Judge Sentelle.

 Sentelle, Circuit Judge: A group of retired and active US 
Airways pilots (collectively, "Pilots") appeal from a decision of 
the district court dismissing two claims as subject to manda-
tory arbitration under the Railway Labor Act ("RLA"), 45 
U.S.C. ss 151 et seq., and staying proceedings on a third 
claim pending the outcome of that arbitration. Because the 
district court's order is not final, and no exception to the final 
order rule applies, we dismiss the appeal for lack of appellate 
jurisdiction.

 I

 Around 500 retired and active US Airways pilots sued US 
Airways Group, Inc. and its pension fund (collectively, "US 
Airways") for: (1) failure to pay approximately $70 million in 
benefits due under Sections 1054(g) and 1132(a)(1)(B) of the 
Employee Retirement Income Security Act ("ERISA"), 29 
U.S.C. ss 1001 et seq.; (2) violation of ERISA's disclosure 
provision, 29 U.S.C. s 1022; and (3) breach of ERISA fiducia-
ry duties, 29 U.S.C. s 1104. The Pilots are each eligible for 
pension benefits under a plan collectively bargained in 1972 
between US Airways and the Air Line Pilots Association 
("ALPA"). This 1972 collective bargaining agreement re-
placed the pension benefits of participants under a prior plan 
with a "minimum benefit" based in part on "the investment 
performance of the Standard and Poor's 500 stock index 
(unadjusted for dividends)." The Pilots allege that US Air-
ways has improperly interpreted the relevant language of the 
1972 agreement by excluding dividends from its benefit com-
putations.

 On motion for summary judgment, the district court dis-
missed Counts (1) and (3), holding that the district court 
lacked subject matter jurisdiction over these claims because 
they depended on the proper interpretation of a collective 
bargaining agreement and thus were subject to mandatory 
arbitration under the RLA. See Everett v. USAir Group, 


Inc., 927 F. Supp. 478, 482-83 (D.D.C. 1996). The district 
court retained jurisdiction over Count (2), holding that even if 
US Airways properly interpreted the agreement, it had an 
independent duty under ERISA to provide a summary plan 
description that was "calculated to be understood by the 
average plan participant." Id. at 484. The district court 
stayed proceedings on Count (2) until the end of the arbitral 
process. Id.

 Claiming among other things futility of resort to an arbitra-
tion process controlled by US Airways and ALPA, both of 
whom the Pilots believe have interests adverse to their own, 
the Pilots ask this court to reverse the district court's dis-
missal of Counts (1) and (3). Because the order of the 
district court is not final, we have no jurisdiction to reach the 
merits of the Pilots' claims.

 II

 Our jurisdiction to review judgments of the district court is 
limited to "appeals from all final decisions," 28 U.S.C. s 1291 
(emphasis added), and to interlocutory appeals that fall within 
the narrow exceptions defined by 28 U.S.C. s 1292. Thus, we 
cannot review this case unless the judgment of the district 
court is final or one of the conditions enumerated in s 1292 is 
satisfied.

 A final decision "ends the litigation on the merits and 
leaves nothing for the court to do but execute the judgment." 
Catlin v. United States, 324 U.S. 229, 233 (1945). The 
question presented by this case is whether the order may be 
considered final because the district court dismissed two of 
the claims for lack of subject matter jurisdiction and the stay 
of the third claim is, arguably, effectively unreviewable. The 
Federal Rules of Civil Procedure speak directly to these 
issues, providing in relevant part:

 When more than one claim for relief is presented in an 
 action, ... the court may direct the entry of a final 
 judgment as to one or more but fewer than all of the 
 claims ... only upon an express determination that 
 there is no just reason for delay and upon an express 


 direction for the entry of judgment. In the absence of 
 such determination and direction, any order ... which 
 adjudicates fewer than all the claims ... shall not 
 terminate the action as to any of the claims....

Fed. R. Civ. P. 54(b) (emphasis added); see also Summers v. 
United States Dep't of Justice, 999 F.2d 570, 571 n.1 (D.C. 
Cir. 1993) (citing Kappelmann v. Delta Air Lines, Inc., 539 
F.2d 165 (D.C. Cir. 1976)); 15A Wright et al., Federal 
Practice and Procedure s 3914.7, at 544 (2d ed. 1992) (de-
scribing the bright-line rule that "[a]bsent an express di-
rection for entry of judgment, an order that disposes of less 
than all the claims--no matter with what firmness and appar-
ent finality--is not appealable....").

 In the instant litigation, the trial court dismissed two of 
three claims, but stayed Count (2) pending the outcome of 
arbitration. The stay of judgment on a claim pending arbi-
tration does not constitute a final ruling by the trial court 
with respect to that claim. See McCowan v. Dean Witter 
Reynolds Inc., 889 F.2d 451, 453-54 (2d Cir. 1989) (holding 
that an order dismissing two claims and referring two others 
to arbitration is not final). Thus, the district court adjudicat-
ed "fewer than all the claims" and, without the express 
determination and direction required by Rule 54(b), the judg-
ment cannot be considered final "as to any of the claims." Of 
course, entry of judgment according to Rule 54(b) is not alone 
sufficient to confer appellate jurisdiction--an appellate court 
must also satisfy itself that the district court applying Rule 
54(b) properly determined the particular claims to be final 
and distinct from other claims in the litigation. See Gold Seal 
Co. v. Weeks, 209 F.2d 802, 807 (D.C. Cir. 1954) (noting that 
Rule 54(b) only permits entry of final judgment with respect 
to "a claim distinct from the other claim or claims"); Inver-
world, Ltd. v. Commissioner, 979 F.2d 868, 874 (D.C. Cir. 
1992) ("Rule 54(b) does not 'create' finality under s 1291 
where it does not already exist...."). But this does not 
imply, as the Pilots contend, that compliance with Rule 54(b) 
is unnecessary. Where, as here, the district court adjudicates 
fewer than all of the claims, finality with respect to certain 
claims, while not a sufficient condition for appellate review of 


those claims, is a necessary one. Barring some other excep-
tion to the final decision rule, appellate review of an order 
which does not decide all the claims presented requires both 
finality with respect to the adjudicated claims and entry of 
judgment on those claims in accordance with Rule 54(b). 
Because the latter condition is not met in this case, the 
district court's order cannot be considered final with respect 
to any of the claims.

 The Pilots also try to bring the district court's ruling within 
the narrow "collateral order" exception to the doctrine of 
finality as set forth in Cohen v. Beneficial Industrial Loan 
Corp., 337 U.S. 541, 545-47 (1949). We have recognized that 
"[t]o fall within the small class of decisions excepted from the 
final judgment rule by Cohen, the order must conclusively 
determine the disputed question, resolve an important issue 
completely separate from the merits of the action, and be 
effectively unreviewable on appeal from a final judgment." 
Summers v. United States Dep't of Justice, 925 F.2d 450, 453 
(D.C. Cir. 1991) (quoting Coopers & Lybrand v. Livesay, 437 
U.S. 463, 468 (1978)) (internal quotation marks omitted). The 
Pilots initially contended that because they expect the retire-
ment board to rule against them, and because under the RLA 
an arbitration decision is "effectively unreviewable," the prac-
tical effect of the referral to arbitration will be to end the 
entire case. Not only have the Pilots failed to explain why 
this should imply finality with respect to the disclosure viola-
tions alleged in Count (2), but both parties agreed at oral 
argument that at the end of arbitration, after a final judg-
ment from the district court on the entire case, this Court 
could review any error in the initial decision dismissing 
Counts (1) and (3) as subject to mandatory arbitration. Thus, 
neither the decision to refer Counts (1) and (3) to arbitration 
nor the stay of Count (2) are "effectively unreviewable on 
appeal from a final judgment," and the collateral order excep-
tion does not apply.

 The Pilots also urge upon us a "practical finality" doctrine 
drawn from Gillespie v. United States Steel Corp., 379 U.S. 
148 (1964). Discussing Cohen, Gillespie recognized that the 


finality requirement should be given "a practical rather than 
a technical construction." Id. at 152 (quoting Cohen, 337 U.S. 
at 546). Gillespie noted that in "marginal cases," i.e., where 
finality is a close question, courts should consider the "incon-
venience and costs of piecemeal review" as well as the "dan-
ger of denying justice by delay." Id. at 152-53. The Pilots 
argue that Gillespie expands the set of exceptions to the 
finality rule, and some authority supports that proposition. 
See, e.g., Service Employees Int'l Union, Local 102 v. County 
of San Diego, 60 F.3d 1346, 1349-50 (9th Cir. 1995), cert. 
denied, 116 S. Ct. 774 (1996) (finding appellate jurisdiction to 
rule on a central legal question arising from a "marginally 
final" order when the only remaining proceeding in the 
district court was a calculation of damages); Travis v. Sulli-
van, 985 F.2d 919, 922-23 (7th Cir. 1993) (holding that a 
district court order remanding proceedings to an agency 
under particular statutory provisions was immediately appeal-
able even though not fitting precisely within the contours of 
the collateral order rule). But it is just as plausible that the 
Gillespie dictum does nothing more than discuss application 
of existing doctrine. As we have noted, "No federal appellate 
court, to our knowledge, has ever followed the Gillespie 
dictum in a case in which the appeal could not be justified on 
the basis of some other, narrower, policy demanding deviation 
from the finality rule." Green v. Department of Commerce, 
618 F.2d 836, 841 (D.C. Cir. 1980).

 We recognize the warning of the Supreme Court that "[i]f 
Gillespie were extended beyond the unique facts of that case, 
s 1291 would be stripped of all significance." Coopers & 
Lybrand, 437 U.S. at 477 n.30. As we have already dis-
cussed, the Pilots have an adequate remedy on appeal from a 
final judgment, and the Cohen exception therefore does not 
apply. We decline--at least on these facts--to hold that 
Gillespie provides an additional exception to the finality rule 
or otherwise expands the set of cases deemed final under the 
collateral order doctrine. In summary, the judgment of the 


district court cannot be deemed final and subject to appeal 
under s 1291.

 The Pilots further argue that the judgment qualifies for 
interlocutory appeal under 28 U.S.C. s 1292(a)(1), which con-
fers jurisdiction over appeals from district court orders 
"granting, continuing, modifying, refusing or dissolving in-
junctions." They rely on Carson v. American Brands, Inc., 
450 U.S. 79 (1981), in which the Supreme Court held that this 
provision also allows in some cases appeals from orders 
having "the practical effect of refusing an injunction." Id. at 
84. The district court in Carson had refused to enter a 
proposed consent decree which would have required one 
party to give hiring and seniority preferences on the basis of 
race. Id. at 81. The heart of the rejected settlement in-
volved "prospective relief" that would have "permanently 
enjoined respondents from discriminating against black em-
ployees." Id. at 84. The Court held that because rejection of 
the settlement could not be "effectually challeng[ed]" and 
plainly had a "serious, perhaps irreparable, consequence," the 
order should be deemed immediately appealable within the 
ambit of s 1292(a)(1). Id. at 86.

 The instant case is readily distinguishable from Carson. 
The Pilots have sought no relief which we could properly 
deem injunctive. Asking the court to enjoin US Airways to 
interpret pension provisions in a certain fashion merely re-
states the Pilots' claim for benefits under ERISA. Indeed, 
not only do we find dubious the Pilots' claim that the order 
has the effect of denying injunctive relief, but Carson also 
requires that "[u]nless a litigant can show that an interlocu-
tory order of the district court might have a serious, perhaps 
irreparable, consequence, and that the order can be effectual-
ly challenged only by immediate appeal, the general congres-
sional policy against piecemeal review will preclude interlocu-
tory appeal." Id. at 84 (internal quotation marks omitted). 
As already discussed at length, the district court's order can 
be adequately challenged by appeal from a final judgment 
issued after the completion of arbitration. The Pilots will 


suffer no harm sufficient to invoke the interlocutory review 
provisions of s 1292(a)(1).

 CONCLUSION

 We conclude that the partial dismissal by the district court 
neither constitutes a final order nor satisfies any of the 
exceptions to the finality rule. We therefore dismiss the 
appeal for lack of appellate jurisdiction.