ORIENTAL ART PRINTING INC. and
Ngan & Sons Corp., Plaintiffs–
Appellants,

Double Graphic, Inc. and Chi Lung
Ngan, a/k/a Allen Ngan, Third–
Party–Defendants,

v.

GS PRINTING CORP., Defendant–
Appellee,

Goldstar Printing Corp., a/k/a GS
Printing Corp., Defendant–Third–
Party–Plaintiff–Appellee,

Various John Does and Jane Does and
XYZ Companies, Defendants.

Docket No. 01–7659.

United States Court of Appeals,
Second Circuit.

March 29, 2002.

Po W. Yuen, Yuen & Yuen, New York,
NY, for Appellants.

Steven C. Cunningham, Law Office of
Steven Cunningham, New York, NY, for
Appellees.

Present FEINBERG, OAKES and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED IN PART and the appeal is DISMISSED IN PART.

Plaintiffs–Appellants Oriental Art Printing Inc. and Ngan & Sons Corp. appeal from a memorandum order of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge* ), denying their motion for a preliminary injunction and granting in part and denying in part the motion to dismiss filed by Defendants–Appellees Goldstar Printing Corp. and GS Printing Corp. We assume familiarity with the District Court's recitation of the factual background and procedural history of this case. *See Oriental Art Printing, Inc. v. Goldstar Printing Corp.,* 175 F.Supp.2d 542, 544–45 (S.D.N.Y.2001).

■ "A party seeking a preliminary injunction must establish (1) irreparable injury and (2) a likelihood of success on the merits *or* a sufficiently serious question going to the merits and a balance of hardships tipping decidedly in the moving party's favor." *Laureyssens v. Idea Group, Inc.,* 964 F.2d 131, 135–36 (2d Cir.1992). We review for abuse of discretion the District Court's denial of the plaintiffs' motion to enjoin the defendants' alleged copyright infringement. *See, e.g., Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 167, 171 (2d Cir.2001). To establish such infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Regardless of the merits of the plaintiffs' other contentions, they cannot prevail on their claim of copyright infringement for the simple reason that they have failed to present any meaningful evidence of copying. *See Oriental Art,* 175 F.Supp.2d at 548–49. The record in the District Court and on appeal contains numerous images as evidence of the plaintiffs' copyrighted work and the allegedly infringing works, but the poor quality and near-illegibility of these black-and-white images make it virtually impossible to determine whether copying has occurred. A review and comparison of the few details that may be discerned reveal no evidence of copying. On this record, the plaintiffs cannot meet their burden of proof. Because the plaintiffs have failed to establish a likelihood of success—or even a serious question as to the merits—on their claim of copying, we find no abuse of discretion in the District Court's decision not to issue a preliminary injunction. We therefore affirm the District Court's denial of the plaintiffs' motion.

■ The plaintiffs also appeal the District Court's partial dismissal of their copyright claim. However, "[a]n order that adjudicates fewer than all of the claims remaining in the action, or adjudicates the rights and liabilities of fewer than all of the remaining parties, is not a final order unless the court directs the entry of a final judgment as to the dismissed claims or parties upon an express determination that there is no just reason for delay." *Citizens Accord, Inc. v. Town of Rochester, N.Y.,* 235 F.3d 126, 128 (2d Cir.2000) (citations and internal quotation marks omitted); *see also McCowan v. Dean Witter Reynolds, Inc.,* 889 F.2d 451, 453–54 (2d Cir.1989). Here, the plaintiffs did not seek certification of the partial dismissal pursuant to Rule 54(b) of the Federal Rules of Procedure, nor is the

ruling otherwise appealable as an interlocutory order. *See* 28 U.S.C. §§ 1291, 1292. Therefore, because we lack appellate jurisdiction, we dismiss the appeal to the extent that it challenges the District Court's partial grant of the defendants' motion to dismiss.